IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| YVONNE LITTERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  11-3352 |
| | ) | |
| SPRINGFIELD CLINIC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Defendant Springfield Clinic's Motion to Dismiss (d/e 17).  For the reasons that follow, the Motion to Dismiss is GRANTED.

In September 2011, Plaintiff Yvonne Litterly,filed pro se a Complaint against Defendant.  Plaintiff alleged that Defendant released Plaintiff's personal health information to Plaintiff's employer without authorization in violation of various regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).  See 42 U.S.C. §1320d-1320d-8; 45 C.F.R. § 164.502 (providing that a

"covered entity may not use or disclose protected health information, except as permitted or required by this subpart or subpart C of part 160 of this subchapter"); 45 C.F.R. § 164.530(c) (providing that "[a] covered entity must have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information").

In January 2012, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendant asserts that HIPAA does not provide for a private right of action and, therefore, the Complaint must be dismissed.

Plaintiff responded to the Motion to Dismiss. See d/e 23 (filed under seal because it contains confidential medical information). In the response, Plaintiff asserts that the lawsuit is not "just about [Defendant] sending these faxes" but is also "about the lack of diagnosis and treatment [Plaintiff has] received from [Defendant] since July of 2009." Id. at p. 4. Plaintiff asks that the "lawsuit be changed to a malpractice lawsuit." Id. at p. 5.

This Court finds that Defendant is correct that HIPAA does not provide for a private right of action. See Carpenter v. Phillips, 419 Fed.Appx. 658, 2011 WL 1740102 (7th Cir. 2011) (unpublished disposition) (finding that HIPPA does not furnish a private right of action); Doe v. Board of Trustees of the University of Illinois, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) ("Every court to have considered the issue . . . has concluded that HIPAA does not authorize a private right of action"); see also Acara v. Banks, 470 F.3d 569, 570-71 (5th Cir. 2006); Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010); Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010), cert. denied 131 S. Ct. 1534 (2011); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n. 4 (10th Cir. 2010) (noting that "[a]ny HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information"). Instead, "HIPPA limits enforcement of the statute to the Secretary of Health and Human Services." Acara, 470 F.3d at 571; see also 42 U.S.C. § 1320d-5(a)(1) (providing the penalties "the Secretary shall impose on any person who violates a provision of this part").

Therefore, Plaintiff has failed to state a cause of action.

To the extent that Plaintiff seeks to amend her Complaint to add a malpractice claim, that request is denied. Because this Court is dismissing Plaintiff's purported federal claim, this Court would decline to exercise supplemental jurisdiction over Plaintiff's state law malpractice claim. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction"); Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998) (noting general rule that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits'" (quoting Wright v. Associated Ins. Cos., 29 F.3d 1244, 1251 (7th Cir. 1994)).

Moreover, nothing in Plaintiff's pleading suggests this Court would have diversity jurisdiction over Plaintiff's state law malpractice claim. See 28 U.S.C. § 1332(a) (providing that the district courts have original

jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the controversy is between citizens of different states).

For the reasons stated, Defendant's Motion to Dismiss (d/e 17) is GRANTED. Plaintiff's request to amend her complaint to add a state law claim is DENIED. Plaintiff's pending motions (d/e 5, 7, and 9) are DENIED AS MOOT. CASE CLOSED.

ENTER: March 7, 2012

FOR THE COURT:

                                            s/ Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE